GEORGE ELIE *vs.* C. COWLES AND COMPANY.

Third Judicial District, Bridgeport, April Term, 1909.
HALL, PRENTICE, THAYER, RORABACK and CURTIS, Js.

On a motion for a nonsuit the sufficiency of the complaint is not in issue, but only the question of whether its material allegations have been supported by substantial evidence.

A servant assumes the risk in the use of a defective machine when he knows its condition, appreciates the danger, and voluntarily continues its use.

A servant who has assumed the risk incident to the use of a defective machine cannot recover damages for an injury occasioned thereby; and therefore it is material that the complaint, in an action of that nature, should allege facts which show that the risk was not assumed. The usual allegation that the servant was ignorant of the unsafe condition of the instrument is sufficient if he relies upon his ignorance to show the nonassumption of risk; but if he relies upon

Elie *v.* Cowles & Co.

some other ground, as, for instance, a promise to repair, he should plead it.

An allegation that his means of knowledge were not equal to those of the master is not supported by proof of a complaint and a promise to repair.

If the servant is induced by such promise to continue at work, he may recover for an injury caused by the defect within a reasonable time after the making of the promise, if in the meantime he exercises due care; unless the instrument is so imminently and obviously dangerous that a person of ordinary prudence would decline to use it until repaired, in which case the further use of the machine would constitute contributory negligence.

Where a nonsuit is properly granted because the allegations of the complaint and the case as presented do not correspond, the remedy of the plaintiff is not an appeal to this court, but the institution of a new suit as authorized by General Statutes, § 1127.

Argued April 13th—decided June 10th, 1909.

ACTION to recover damages for personal injuries alleged to have been due to the defendant's negligence, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Ralph Wheeler, J.*, and from the refusal of the trial judge to set aside such judgment the plaintiff appealed. *No error.*

The plaintiff was an employee of the defendant and operated an automatic drop-lifter. This drop, raised by a crank, was held in place by a dog which fell into and caught the cogs of a wheel or ratchet, and which, when released, allowed the drop or hammer to fall and do its work upon the object fed into the machine by the operator. Through an unexpected fall of this hammer the plaintiff's right hand was injured while he was operating the machine, and this injury was alleged to be due to the defendant's negligence.

The complaint averred (paragraph 7) that the lifter and press were defective and unsafe in that they were not securely and adequately fastened, also because the gears, dog and cogs were worn, broken and inefficient, so that the dog did not always properly catch and hold the hammer in place during the operation of the machine; and that all of these "defects were known or should have been

known to the defendant, and of which the plaintiff had not equal means of knowledge." The defendant denied most of the allegations of the complaint.

Upon the trial the plaintiff presented substantial evidence tending to prove the work he was engaged upon at the time of the accident, the sudden, unexpected fall of the hammer, and the injury to his hand caused thereby. There was also substantial evidence that the drop-press was in a defective and unsafe condition by reason of the worn condition of the gear and dog or clutch which held the hammer up until the operator released it by pressing a pedal; that this condition caused the injury; and that the defendant knew of this condition before the accident. Evidence relating to other facts alleged sufficiently appears in the opinion.

When the plaintiff closed his case the defendant moved for a judgment as of nonsuit, which was granted, and the plaintiff's motion to set aside the judgment was denied, whereupon the plaintiff appealed to this court.

*Philip Pond,* for the appellant (plaintiff).

*William H. Ely* and *William B. Ely,* for the appellee (defendant).

CURTIS, J. The motion for a nonsuit presented two questions for the consideration of the trial court. First, what facts alleged in the complaint were material to the plaintiff's case as he presented it in the complaint? Second, has the plaintiff made out a prima facie case, by producing substantial evidence in support of his cause as he has presented it?

If the complaint is demurrable because it does not contain an allegation that the plaintiff did not know the defective condition of the drop-press and the danger of its use, or an allegation of other facts sufficient to show that the plaintiff did not assume the risk, the insufficiency of

the complaint would not determine the materiality of any fact alleged.

"During a trial to the jury the legal sufficiency of the material facts put in issue by the allegations of the complaint and denials of the answer, cannot be questioned; and by 'material facts' in this connection, is meant facts constituting a part of the plaintiff's case as he presents it." *Cook* v. *Morris,* 66 Conn. 196, 203, 33 Atl. 994; *Adams* v. *Way,* 32 Conn. 160, 167. When the court determines what the material facts of the case presented by the pleadings are, then, on a motion for a judgment as of nonsuit, the court has before it the question whether or not there is substantial evidence in support of all those facts. *Foskett & Bishop Co.* v. *Swayne,* 70 Conn. 74, 75, 38 Atl. 893.

In the seventh paragraph of the complaint as amended, the defective and unsafe condition of the drop-press is described, and it is alleged that this condition was "known or should have been known to the defendant, and of which the plaintiff had not equal means of knowledge."

Was this allegation, that the plaintiff did not have means of knowledge of the defective and unsafe condition of the drop-press equal to that of the defendant, a material one under the pleadings? The plaintiff was attempting to allege a cause of action by a servant against a master for injury received from a defective and unsafe drop-press. He must allege facts which show a breach of the master's duty. The duty of the master as to instruments is to exercise reasonable care to provide for his servant such as are reasonably safe for his work, unless the servant has assumed the risk involved in the use of the instrument. A servant assumes the risk when he knows the defective condition of an instrument, appreciates the danger from its use, and voluntarily encounters the risk. In a complaint in such an action it is therefore necessary to allege facts which show that the risk or danger was not assumed; otherwise it would not appear from the complaint that the master owed

any duty to the servant. The usual allegation is that the plaintiff was ignorant of the unsafe condition of the instrument. That is a sufficient allegation, if the plaintiff relies upon his ignorance to show, his nonassumption of the risk, but if he relies upon other facts he should plead them. *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548; *O'Keefe* v. *National F. B. & P. Co.*, 66 id. 38, 33 Atl. 587; *Cleveland, C. C. & St. L. Ry. Co.* v. *Parker*, 154 Ind. 153, 56 N. E. 86; *Griffiths* v. *St. Katharine Docks Co.*, L. R. 13 Q. B. Div. 259; *Thomas* v. *Quartermaine*, L. R. 18 id. 685; Bigelow on Torts (7th Ed.) p. 754; *Coal & Car Co.* v. *Norman*, 49 Ohio St. 598, 32 N. E. 857.

It is apparent that the allegation of lack of equal means of knowledge in this complaint was inserted to meet this requirement, and was a material allegation in the case the plaintiff presented. His position, as disclosed by the claim of his counsel, is, that although his testimony shows that he knew the defective condition of the press, it does not show that he knew the danger from that condition, or that he had means of knowing the danger equal to that of the defendant. Knowledge, in this connection, means either actual or constructive knowledge. *Currelli* v. *Jackson*, 77 Conn. 115, 58 Atl. 762.

The testimony of the plaintiff was to the effect that he had used this press for four or five years and that it had always troubled him more or less, because the hammer failed at times to go up to its proper place, it being in some way held fast below its proper place until he pushed a crank over with a stick and started it again. He testified that he had noticed during his whole employment that the teeth on the gear into which a dog or clutch fell, by which operation the hammer was held up in its proper position until the pedal was touched by his foot, was worn, and that three of the teeth on this gear were much worn and loose; and he testified that this defective condition caused his injury. It was obvious that the gear and dog in this condition might

Elie *v.* Cowles & Co.

fail to hold the hammer up and cause it to fall before the pedal was touched, if the dog came against those particular teeth. The knowledge of this condition was necessarily knowledge of the danger, to any person using due care. It appears, therefore, from the testimony, that there was no substantial evidence that the plaintiff's means of knowledge of the condition of the drop-press and the danger were not equal to those of the defendant.

The plaintiff testified on the trial that about one week before the accident he complained to the master mechanic, as he had done many times before, of trouble the drop-press was giving him because the hammer did not at all times lift up into its proper place but held or stuck part way up, and that this made it necessary for him to push the crank over with a stick in order to carry the hammer to its position ready to fall at the touch of his foot on the pedal; and that the master mechanic stated that he would repair the drop-press or get a new one. The plaintiff claims that this is substantial evidence that he did not assume the risk from the known defective and unsafe condition of the gear and dog of the machine, during the week between the promise and the accident.

It is undoubtedly the general rule, as stated in the note to *Foster* v. *Chicago, R. I. & P. R. Co.*, 4 Amer. & Eng. Anno. Cases, 153, 102 N. W. 422, that the assumption of risk implied from a servant's knowledge that an instrument is defective and dangerous is suspended by the master's promise to repair, made in response to the servant's complaint, if the servant is induced by such promise to continue at work, because in such case he does not voluntarily encounter the risk. And in such case he may recover for an injury which he sustains by reason of such defect within a reasonable time after the making of the promise, provided he exercises due care in using the instrument, unless the defect renders the instrument so imminently and obviously dangerous that a person of ordinary prudence would decline to use it

at all until it was repaired; in which latter case the use of the machine would be contributory negligence. *Andrecsik* v. *New Jersey Tube Co.*, 73 N. J. L. 664, 63 Atl. 719; 9 Amer. & Eng. Annotated Cases, p. 1011, note; *Roy* v. *Hodge*, 74 N. H. 190, 66 Atl. 123.

There was substantial evidence to go to the jury tending to prove that the drop-press was not so imminently and obviously dangerous that a person of ordinary prudence would decline to use it at all until it was repaired. The defective condition of the drop-press was shown to have existed for several years, but the falling of the hammer, in the way the plaintiff claimed it fell when he was injured, had occurred but few times during that period. The evidence as to the unsafe condition of the machine was not such that all reasonable men would agree that a person of ordinary prudence would decline to use it at all until repaired. The question of contributory negligence in that respect was therefore a question for the jury.

The only facts alleged in the complaint by the plaintiff to show that he had not assumed the risk arising from the use of a machine which he knew was defective was, as stated above, that he did not have means of knowledge of the defect and danger equal to those of the defendant. The fact that the plaintiff knew of the defect and danger and complained of the condition, and that a promise to repair was made by the master which induced him to continue to use the machine, does not tend to prove the allegation of unequal means of knowledge.

When the plaintiff relies upon the fact that he knew of the defect in the machine and the danger, and was induced to continue to operate the machine by a promise to repair it, to show that he was not assuming the risk when the accident occurred, he should plead such fact. *Malm* v. *Thelin*, 47 Neb. 686, 66 N. W. 650; *Coal & Car Co.* v. *Norman*, 49 Ohio St. 598, 32 N. E. 857; *Stephenson* v. *Duncan*, 73 Wis. 404, 41 N. W. 337.

Elie *v.* Cowles & Co.

In this case, therefore, there was no substantial evidence of a material fact in the case, as presented by the plaintiff in his complaint, namely, that his means of knowledge of the defective and unsafe condition of the drop-press were not equal to those of the defendant.

Furthermore, if evidence in support of the claim of the plaintiff that he knew the defective and unsafe condition of the machine and was induced to continue to operate it by a promise to repair it made by the defendant, and that a reasonable time for the execution of that promise had not elapsed before the accident, was relevant under the issues, we are of the opinion that the evidence of the plaintiff as to the condition of the machine of which he complained, and which the defendant promised to repair, only related to the retarding of the hammer described above, and that there was no substantial evidence that the repairs which would remedy that defect would remedy the conditions as to the gear and dog, which caused the hammer to fall.

The evidence presented, therefore, leaves it altogether too vague and uncertain whether the promised repairs had any relation to the accident that occurred, or induced the plaintiff to continue to encounter the danger from the defective gear and dog, for those questions to be submitted to the jury if they were relevant under the pleadings.

The plaintiff suggests in his brief that, if the nonsuit were properly granted because the allegations of the complaint and the case sought to be presented by the evidence did not correspond, this court should send the case back to the trial court for a new trial. The common law and statutes (General Statutes, § 1127) provide the plaintiff protection if he has a cause of action.

There is no error.

In this opinion the other judges concurred.