FRED W. BAER *vs.* THE BAIRD MACHINE COMPANY.

Third Judicial District, Bridgeport, April Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A motion in arrest of judgment based upon defects in a complaint which are cured by verdict is properly denied.

A verdict for the plaintiff, in an action by a servant against his master to recover for injuries resulting from an attachment which the servant had, at the direction of the master's foreman, placed upon a machine he was using, in order to remedy defects in its operation, constitutes a finding that the master was negligent in a matter which was a proximate cause of the servant's injury. This conclusion imports that the misconduct of the master had added a new factor of peril to any danger that might be inherent in the business in which he was employed. The risk which he was called upon to face was something more than the ordinary risk of his employment, and therefore something in addition to that which he assumed by virtue of his contract of service.

The risk to which a servant is exposed in his master's service becomes transformed from ordinary into extraordinary, as the law uses that term in such connection, whenever the master's negligence in respect to his duty contributes an added hazard to the situation in which the servant is placed.

There is no assumption of an extraordinary risk within this definition unless the servant voluntarily continues in his service after such risk is known to and comprehended by him.

A determination of the question whether such risk was assumed by the servant in any given case involves two inquiries of fact, to wit: did he have knowledge and comprehension of the peril to which he was exposed, and did he, having that knowledge and comprehension, voluntarily continue in the work which subjected him to that peril?

The former of these questions was in this case dependent on a variety of considerations: and although the jury could not reasonably have said that the plaintiff did not know that there was an element of danger in the operation of the machine, this would not be enough to impute to him a comprehension of the full scope of that danger nor of the peculiar danger which led to his injury.

As there was evidence in the case from which the jury as reasonable triers might conclude that the defendant was negligent, and that the plaintiff did not comprehend the risk to which he was exposed, or at least that feature of it from which he was made to suffer,

Baer *v.* Baird Machine Co.

motions to direct a verdict for the defendant and to set aside a verdict for the plaintiff were properly denied.

The extent of the duty of a trial court is to give such instructions as are correct in law, adapted to the issues, and sufficient for the guidance of the jury in the case. It is not error to give instructions which are not ideally perfect nor proof against suggestions of even helpful or informing additions.

Argued April 11th—decided May 3d, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $1,500, and appeal by the defendant. *No error.*

The plaintiff at the time of his injury was a boy sixteen years and eight months of age. Leaving school at fifteen, he entered the service of the defendant as an apprentice. The defendant is a manufacturer of machinery, presses, etc. At first the plaintiff worked upon foot presses, and afterward upon other machinery, until about two months before the accident, when he was first set to work upon a lathe. This was a small one. After this service for about six weeks he was set to work upon a large lathe. These lathes were operated by steam power transmitted to them by belts and pulleys. During the two weeks he had been at work upon the large lathe, he had been engaged in facing and finishing pulleys. These pulleys were fastened to the lathe by means of a mechanism known as an expansion arbor, and in such a way that the operation of the lathe caused them to revolve upon their axes. During the morning of the day before the accident this mechanism became so ineffective that the pulley would slip and not revolve. The plaintiff thereupon notified his foreman, who directed him to put on an attachment called a dog. He did so and proceeded with his work. The

effect of the attachment of the dog was to cause the pulley to revolve as it should. It was attached by means of a long screw whose head in the present case extended from the body of the dog in a line parallel with the pulley about one and one half inches. The head of it was about one and one fourth inches lower than the outer circumference of the pulley, and but a few inches from it on the side opposite the operator. The dog and screw head revolved with the pulley upon which the work was being done. This work required the use of a file held in both hands upon the pulley's outer edge. About the middle of the forenoon of the day on which the dog was attached, the plaintiff was engaged in his work finishing a pulley by the use of a file, as stated. He wore a jumper with the sleeves cut off at about the elbow. His arms below were bare. He was injured by the head of the screw in its revolution catching in one of these sleeves, and drawing his arm down into the machinery. These facts were testified to by the plaintiff and his witnesses, and were uncontroverted. He testified that when he was injured he was engaged in his work, and using a file upon a pulley in the usual manner. He also testified that no instruction or warning was given to him as to the dangers connected with the use of the dog. Evidence was offered upon both sides as to the character of the danger, its obviousness, and the extent of the plaintiff's knowledge and experience, as well as upon the issues as to the defendant's negligence, and the plaintiff's alleged contributory negligence.

The defendant claimed to have proved that it was not negligent, that the plaintiff was guilty of contributory negligence, and such facts as showed that the plaintiff had assumed the risk arising from the machine upon which he was working, either as an incident of his employment or through his voluntary continuance in his operation of it after he knew and comprehended the

danger connected therewith, or must have done so, as being obvious and apparent to him.

*Terrence F. Carmody*, for the appellant (defendant).

*James M. Lynch*, for the appellee (plaintiff).

PRENTICE, J. The court denied motions made by the defendant in arrest of judgment, for a direction of verdict in favor of the defendant, and that the verdict rendered be set aside as being contrary to the evidence. The action of the court in each of these particulars is assigned as error, as is also its failure to give the jury certain instructions.

The motion in arrest of judgment was properly denied. The complaint is one which could not be attacked successfully after verdict, even if it would not have stood the test of a demurrer. In *Wall* v. *Toomey*, 52 Conn. 35, 39, we queried whether under our Practice Act one may take advantage of demurrable defects in a complaint by a motion in arrest, as he might under the common-law system. The question was left unanswered with the statement that, whatever might be that answer, it was at least true that under our system the operation of a verdict in curing defects not demurred to ought to be extended rather than restricted. See also *Bennett* v. *Lathrop*, 71 Conn. 613, 616, 42 Atl. 634; *Trowbridge* v. *True*, 52 Conn. 190, 199. In the present case it requires no extension of the common-law principle of aider by verdict to remove this complaint from all danger from attack through a motion in arrest. *Dale* v. *Dean*, 16 Conn. 579, 586 *et seq.*; *State* v. *Keena*, 63 id. 329, 331, 28 Atl. 522; Will's Gould on Pleading, 155.

There was no error in the refusal to set aside the verdict. It imports that the jury must have found that the defendant was negligent in the premises in respect to a

Baer *v.* Baird Machine Co.

matter which was a proximate cause of the injury to the plaintiff. It is clear that there was evidence upon which this conclusion could have been reached by the jury as reasonable men. Defendant's counsel concedes this. By this conclusion the jury found that the hazard to which the plaintiff was exposed was something more than that which was inherent in the business in which he was employed. Whatever such inherent danger may have been, it was enhanced by the defendant's misconduct, which imported into the situation a new factor of peril resulting from its negligence. Translated into the commonly accepted terms of the law, this meant that the danger which the plaintiff was called upon to face was not merely the ordinary risk of his employment, but an extraordinary risk, as the law uses that term. The word "extraordinary" is not used in this connection to denote magnitude or as a mark of degree, but to indicate that the risk is one which lies outside of the sphere of the normal. As applied to the risk of a servant in his employment, it becomes transformed from ordinary into extraordinary whenever, among other conditions, the master's negligence in respect to his duty as master contributes an added hazard to the situation in which the servant is placed. *Girard* v. *Grosvenordale Co.*, 82 Conn. 271, 275, 73 Atl. 747. It follows that the risk to which the plaintiff was exposed in the operation of the machine which injured him was not within the scope of his contract of service or assumed by him by the mere fact of his employment. *Girard* v. *Grosvenordale Co.*, 82 Conn. 271, 275, 73 Atl. 747; *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 78 Atl. 422.

The risk being an extraordinary one, there would be no assumption of it unless the plaintiff voluntarily continued in his service upon the machine after that risk was known to and comprehended by him. *Arnold* v. *Connecticut Co.*, 83 Conn. 97, 100, 75 Atl. 78; *Worden*

v. *Gore-Meenan Co.*, 83 Conn. 642, 78 Atl. 422; *Elie* v.
*Cowles & Co.*, 82 Conn. 236, 239, 75 Atl. 258; *Girard* v.
*Grosvenordale Co.*, 82 Conn. 271, 275, 73 Atl. 747. A
determination of the question whether there was such
an assumption involves two distinct inquiries of fact, to
wit: did the plaintiff have knowledge and comprehension
of the peril to which he was exposed, and did he, having
such knowledge and comprehension, continue of his own
volition in the work which subjected him to that peril.

The inquiry as to the plaintiff's knowledge and com-
prehension of the risk was one which under the circum-
stances of the case involved a variety of considerations.
Its answer would depend upon the conclusion to be
drawn from a variety of circumstances disclosed in
evidence, including his age, his intelligence, his experi-
ence, general and special, his familiarity with machin-
ery, with the machine in question or similar machines,
and with equipment such as was in use, the nature and
obviousness of the danger, and the extent of information
which may have been conveyed to him by others.
Doubtless a jury could not, upon the evidence touching
the pertinent matters, reasonably have said that the
plaintiff did not know that there was an element of
danger in the operation of such a machine as was his
lathe, and that there was danger of some sort in the
rapidly revolving screw head. But that would not be
enough to impute to him a comprehension of the full
scope of that danger, or of the peculiar danger which
led to his injury. As to the extent of his appreciation
of the danger which threatened him, the evidence was
such that the jury, as reasonable triers, might have
come to the conclusion that he did not comprehend the
risk to which he was exposed, or at least that feature of
it from which he was made to suffer.

We do not understand that the defendant questions
that the jury reasonably might have reached the conclu-

sion that the plaintiff was free from contributory negligence. Such a claim, if made, could not be supported for reasons which, taken in connection with what has been said concerning the plaintiff's knowledge and appreciation of the danger, are too palpable to call for detailed consideration.

The complaints made of the charge are to the effect that in one or two respects it should have been elaborated by introducing certain explanatory or cautionary statements, which were not in terms embodied in it. No request touching any of these matters was made. The extent of the court's duty was to give such instructions as were correct in law, adapted to the issues, and sufficient for the guidance of the jury in the case. *Soper* v. *Tyler*, 73 Conn. 660, 662, 49 Atl. 18. This duty was performed. It is not error to give instructions which are not ideally perfect, or not proof against suggestions of even helpful or informing additions.

There is no error.

In this opinion the other judges concurred.