## MARION E. KEBBE vs. THE CONNECTICUT COMPANY.

First Judicial District, Hartford, May Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

It is the province of the trial court to instruct the jury what standard of duty the law imposes upon the defendant, but not to state to them what particular acts constitute a performance or nonperformance of such duty.

A common carrier is not an insurer of the safety of its passengers, but is bound to employ the highest degree of care that a reasonable man would use.

Whether a street-railway company should provide straps or hand-holds which can be reached by a person standing between the seats of a car is a question of fact for the jury and not a question of law.

If a passenger voluntarily and intelligently takes a position where it is not intended passengers should be, such as in the space between the two forward seats of an open street-car, he assumes the risks of the situation which are incident to the proper operation of the car, but is not guilty of such contributory negligence as to prevent his recovering on account of its negligent operation.

It is not negligence on the part of a railway company to permit a person to ride in a crowded car, provided he is competent to take care of himself; however, when passengers are standing, it is the duty of the employees to operate the car in view of that known fact.

When, in an action for negligence against a street-railway company, it does not appear that there were not other cars which the plaintiff might conveniently have taken, and when it is not alleged that the defendant was negligent in failing to furnish a sufficient number of cars, it is erroneous to charge that it was the company's duty to provide enough cars to accommodate the plaintiff as a passenger.

Argued May 15th—decided July 26th, 1912.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $1,200, and appeal by the defendant. *Error and new trial ordered.*

*Lucius F. Robinson* and *Francis W. Cole,* for the appellant (defendant).

VOL. LXXXV—41

*Clement Scott* and *Ralph O. Wells,* for the appellee
(plaintiff).

HALL, C. J. The plaintiff claimed to have proved
that on the 30th of May, 1911, which was Decoration
Day, she entered the defendant's open single-truck
trolley-car, all the seats of which, running entirely
across the car, were occupied, and that while she was
standing between the two seats which face each other,
at the forward end of the car, she was, by the defendant's
negligence, thrown down and injured as the car was
passing around a curve.

These three acts of negligence are described in para-
graphs three, four and five of the complaint as causing
the injury: (1) "Owing to the negligent failure of
the defendant to furnish a car of adequate capacity,
said car was so crowded as to render it impossible for
the plaintiff to find a seat thereon, and the plaintiff was
compelled to stand between the seats at the forward
end of the car, as the defendant's servants in charge
of said car knew." (2) "The defendant negligently
failed to provide means whereby passengers compelled
to so stand between the forward seats on said car could
hold on with complete security." (3) "While so stand-
ing between the seats in the exercise of due care and
diligence, the defendant's servants, employed to oper-
ate said car, started said car before the plaintiff had
had reasonable opportunity to find anything to hold
on to, and immediately operated said car at an exces-
sive, unusual, and very negligent speed around the
curve, . . . by reason whereof the plaintiff was
thrown violently to the right and partially out of said
car."

The defendant, in its appeal, complains, among
others, of the following instructions given by the court
to the jury: —

*First.* "It is the duty of a street railway company to exercise reasonable care to provide adequate straps or other means for holding on to, for the use of passengers compelled to stand upon its cars. If you find that the defendant company in this case did not use reasonable care to provide adequate straps or other hand-holds, such failure would constitute negligence on the part of the defendant company."

Taken by itself this seems to be a statement that if the defendant, by the exercise of reasonable care, could have attached straps or hand-holds to the car so that the plaintiff, in her position, could have held on to them, it was guilty of negligence in having failed to do so.

This instruction was incorrect. It was the province of the trial court to instruct the jury what standard of duty the law imposed upon the defendant in providing for the safety of passengers lawfully riding as such on its cars, but not to state to them what particular acts, the doing or failure to do which, constituted a performance or nonperformance of such duty. We are aware of no statute, or fixed rule of law, which required the defendant to attach straps or hand-holds to its car, so that they could have been used by the plaintiff in the place where she was standing.

The defendant, as a common carrier, was not an insurer of the safety of its passengers. It was, however, bound, in providing for the safety of its passengers, to employ the highest degree of care that a reasonable man would use. *Hall* v. *Connecticut River Steamboat Co.,* 13 Conn. 319, 326; *Derwort* v. *Loomer,* 21 Conn. 245, 253; *Murray* v. *Lehigh Valley R. Co.,* 66 Conn. 512, 518, 34 Atl. 506.

Whether it had performed this duty in respect to providing straps or hand-holds which the plaintiff, standing between the seats, could have reached, was not a

question of law for the court to decide, but a question of fact for the jury. *O'Neil* v. *East Windsor*, 63 Conn. 150, 153, 27 Atl. 237; *Peltier* v. *Bradley, Dann & Carrington Co.*, 67 Conn. 42, 49, 34 Atl. 712.

It is not the province of the trial court to state to the jury the particular manner in which a street-railway company should construct or manage its cars, in the exercise of that care which the law requires it to use in providing for the safety of its passengers. *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, 84, 43 Atl. 545. Whether it has performed the duty which the law imposes upon it is, as we have said, a question of fact for the jury.

It is true that, without withdrawing the statement above quoted, the court, later in its charge, told the jury that a street-railway company was not bound to furnish straps or other means of support for the plaintiff, if those ordinarily found on an open trolley-car were sufficient, but if they were not, they were bound to furnish such as were sufficient, and that it was for the jury to say whether those furnished were sufficient. We think this did not cure the earlier inconsistent statement.

But it is questionable whether even the jury would have been justified in finding that it was the duty of the defendant to furnish hand-holds for the use of one riding in the place where the plaintiff stood. It is a matter of common observation that between the side-seats of closed street-cars there is an aisle or passageway, in which it is intended passengers may stand when the seats are filled, and in which they may stand without inconvenience to the seated passengers, and that over each side of such passageway there are hanging straps for the use of such standing passengers. But it is not suggested in the record that, to the manifest discomfort of the persons seated, it was intended that

other passengers might crowd into and stand in the very narrow space between the seats extending entirely across open trolley-cars, and where there is no passageway for any person, excepting for passengers taking or leaving their seats. Nor is it alleged, or suggested, that passengers were ordinarily permitted to ride standing in this space, or that in any open trolley-cars there were straps for the support of passengers standing in that place. If the plaintiff voluntarily and intelligently took the position she did, she assumed the manifest inconveniences and risks of the situation which were incident to the proper operation of the car. *McCumber* v. *Boston Elevated Ry. Co.*, 207 Mass. 559, 93 N. E. 698; *Chicago, B. & Q. R. Co.* v. *Hazzard*, 26 Ill. 373, 381.

By standing in the place she did, the plaintiff was not, however, guilty of such contributory negligence as to prevent her from recovering damages for an injury resulting from the negligent operation of the car, as alleged in paragraph five of the complaint as said third act of negligence. *Anderson* v. *City & Suburban Ry. Co.*, 42 Ore. 505, 71 Pac. 657; *McCumber* v. *Boston Elevated Ry. Co.*, 207 Mass. 559, 93 N. E. 698.

Nor was it negligence on the part of the railway company to permit the plaintiff to ride in the crowded car, when she chose to do so, and was competent to take care of herself. Baldwin on American Railroad Law, p. 312; *Anderson* v. *City & Suburban Ry. Co.*, 42 Ore. 505, 71 Pac. 659; *McCumber* v. *Boston Elevated Ry. Co.*, 207 Mass. 559, 93 N. E. 698; *Lehberger* v. *Public Service Ry. Co.*, 79 N. J. L. 134, 74 Atl. 272.

It was, of course, the duty of the defendant's employees to operate the car in view of the known fact that it was so crowded that the plaintiff stood where she did; and whether they negligently operated it in the manner described in paragraph five of the complaint was, apparently, the controlling question in the case. In

Kebbe *v.* Connecticut Co.

the absence of any definite law or rule on the subject it was, however, for the jury, and not for the court, to determine at what rate of speed, under the circumstances, the car should be run in turning the curves, or whether a speed more moderate than the usual rate would, as stated by the court in its charge, be the safer course.

*Second.* The court instructed the jury that "it was the duty of the company to provide a sufficient number of cars to accommodate and properly care for passengers." Earlier in the charge the court had said that it was the duty of the defendant to use "reasonable care" to provide such number of cars.

We think these statements were not relevant to the case. The averment of paragraph three of the complaint is, in effect, that the defendant was negligent in furnishing a car of such inadequate capacity that it was so crowded that the plaintiff was compelled to stand. We have referred above to the question of defendant's claimed negligence in permitting the plaintiff to enter the crowded car. Without intending to intimate that the defendant was required to furnish, on all occasions, a sufficient number of cars to accommodate such number of persons as might reasonably be expected to ride, it is sufficient to say of this portion of the charge that it does not appear that there were not other cars which the plaintiff might conveniently have taken, and it is not alleged that the defendant was negligent in failing to furnish a sufficient number of cars to accommodate passengers.

There is error and a new trial is ordered.

In this opinion the other judges concurred.