## SYLVESTER WETKOPSKY *vs.* THE NEW HAVEN GAS LIGHT COMPANY.

Third Judicial District, New Haven, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is for the jury to determine, as questions of fact, what the disputed terms of an oral agreement of sale really were, and whether the contract as made had been repudiated by one of the parties so that the other was justified in rescinding it.

The principal issue in the present case was as to the terms of an oral contract respecting a building upon the site of which the defendant was about to erect a gas-tank. The plaintiff alleged and offered evidence to prove that he bought the building with a right to do as he pleased with it, provided he moved it off the defendant's land within one week. The defendant, on the other hand, pleaded and offered evidence to prove that it sold to the plaintiff the materials of which the house was built, with the right to enter upon the premises, tear down the structure and carry away the material within one week; that it would have been impossible to remove the house as a whole, within that time, and that an attempt to do so would have interfered seriously with its work of excavation; that as soon as it learned of the plaintiff's intention to move the house as a whole, it protested that the agreement conferred no such right, and, upon the plaintiff's persistence, tendered him the money he had paid and rescinded the contract. *Held* that the situation thus disclosed presented questions of fact which should have been submitted to the jury under suitable instructions from the court.

A vendor is not bound to await the expiration of the period within which a contract of sale is to be performed, if the vendee has meanwhile definitely and unqualifiedly repudiated the agreement.

Under such circumstances the vendor may elect to accept such repudiation as an anticipatory breach terminating the contract.

Corrections of the finding which, if made, would be of no avail to the appellant, will be denied.

Argued January 20th—decided March 15th, 1916.

ACTION to recover damages for an alleged breach of contract, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* the jury returned a verdict for the plaintiff for $1,500 damages, which the trial judge ordered set aside unless he would file a *remittitur* of $650, which he did, and judgment was thereupon rendered for him for $850 damages, from which the defendant appealed. *Error and new trial ordered.*

On a former trial of this case the plaintiff was successful (88 Conn. 1, 90 Atl. 30) in obtaining, on appeal, a reversal of a judgment of nonsuit rendered by the court below. On the retrial of the case a verdict and judgment were rendered as above indicated. The appeal alleges error in the charge as given, in the refusal to charge as requested, in the rulings of the court upon evidence, and in denying a motion to correct.

In March, 1912, the defendant owned a seven-room dwelling-house standing upon its land on Mill Street in New Haven. About March 22d, 1912, the Gas Company decided to erect a gas-tank on this land and started at once to excavate for that purpose. The defendant made a contract for the erection of the tank. It agreed therein to have the foundations for the tank completed on April 17th, 1912. A failure to do this would have subjected the defendant to a penalty. To complete the foundations at the time specified in the contract it was necessary to tear down or remove the house by Tuesday, April 2d. The house was rented to tenants to April 1st, and the defendant had reason to believe that it would be occupied until this time.

The plaintiff owned some land, with a barn standing thereon, nearby. On March 27th, 1912, the plaintiff and his wife went to the superintendent of the defendant company and had a conference with him in reference to the purchase of this house. The parties then entered into a parol agreement in reference to the purchase and sale of the house. The price that was to be paid was $40. At this time there were six teams and a number of men engaged in making excavations for the new tank upon the defendant's lot. These facts were conceded.

As to the terms of their contract the parties disagreed. The plaintiff claimed and offered evidence to show that he bought the house and had a right to do what he pleased with it, so long as he moved it from the defendant's land by Tuesday night, April 2d; that he intended to make and had made a contract for the removal of the house to his lot, described above; that he had caused a barn standing upon his lot to be torn down and demolished in order that he might remove this house; that the reasonable value of the house was $2,000, if it had been removed as he intended and had made arrangements to do; that the defendant refused to carry out this contract, and that on Saturday, March 30th, the company tore down the house.

The defendant offered evidence to prove that it sold the plaintiff the materials of the house, with the right to enter upon the premises, tear down the house and carry away the materials by Tuesday night, April 2d; that it would have been impossible to remove the house, as a whole, in the short space of time which could be allowed for that purpose; that if the plaintiff removed the house it would have seriously interfered with its work of excavation, and that it sold the materials of the house for $40 because of the short space of time which must be allowed for its removal from the

premises. The defendant contends that the latter fact may be fairly inferred from the plaintiff's own testimony, that the value of the house to be moved away was $2,000. Evidence was also offered by the defendant to show that it did not know of the plaintiff's intention to remove the house until after the payment of the $40. As soon as the defendant learned of the plaintiff's intention it sent for him and stated to him that the agreement was that he should tear the house down and take away the materials; that the plaintiff insisted that he would not tear down the house; that he had bought it and was going to move it away. The superintendent of the company replied that moving it away was contrary to the agreement; that he could not carry out such an agreement within the time limited; that he tendered back the $40 which had been paid; and afterward tore down the house.

*Thomas M. Steele* and *Harrison T. Sheldon,* for the appellant (defendant).

*Samuel A. Persky,* for the appellee (plaintiff).

RORABACK, J. In the trial of this case, when it was before this court at the October term, 1913, it was decided that "the sale of a building, which the parties intend shall at once be torn down and removed, or removed as a whole, is a sale of personal property and not 'of real estate or any interest' therein, within the meaning of that expression in the statute of frauds (§ 1089); and that therefore a contract of that nature may be proved by oral evidence." *Wetkopsky* v. *New Haven Gas Light Co.,* 88 Conn. 1, 90 Atl. 30. At the present trial, in the court below, the principal contention arose as to the terms of the contract which had been made between the parties. The plaintiff claimed

that he bought the house without any restrictions or limitations as to the manner in which it was to be removed from the defendant's lot. The defendant denied these allegations and this claim, and in its answer averred that the agreement which was made was for the sale of the materials of the house, with the right to tear it down and carry them away; that these provisions in the contract, under the peculiar circumstances of the case, were material elements of the agreement. It was also alleged in the answer that the plaintiff, by his statements and conduct, repudiated the contract which the defendant had made with him, under such conditions that the defendant was warranted in rescinding the contract. This it did after tendering back the consideration paid. The plaintiff replied denying these averments. The defendant asked the court to instruct the jury that if they should find that by the terms of the contract which was made the plaintiff was to tear down the house and carry away the materials, as averred and claimed by the defendant, and that the plaintiff, after making such a contract, announced to the defendant that he would not carry it out as made but would remove the house as a whole, the defendant had a right, under these circumstances, to treat the contract as at an end. These requests were ignored.

In view of the issues raised by the defendant's answer and the evidence which was offered tending to support these claims, it was error to refuse this request. It was for the jury to determine, under suitable instructions, whether the plaintiff had repudiated the contract under such circumstances as to justify the defendant in rescinding it. The Sales Act (Public Acts of 1907, Chap. 212, § 65) provides that "where the goods have not been delivered to the buyer and the buyer has repudiated the contract to sell or sale, or has mani-

fested his inability to perform his obligations thereunder, or has committed a material breach thereof, the seller may totally rescind the contract or the sale by giving notice of his election so to do to the buyer." A vendor is not bound to await the expiration of the period in which the contract was to be performed when the other party has definitely and unqualifiedly repudiated it. Under such circumstances the vendor may elect to accept such repudiation as an anticipatory breach by rescinding the agreement. *Churchill Grain & Seed Co.* v. *Newton,* 88 Conn. 130, 133, 134, 89 Atl. 1121; *Home Pattern Co.* v. *Mertz Co.,* 86 Conn. 494, 501, 86 Atl. 19.

Instead of adopting the defendant's requests, the court said to the jury: "In view of the evidence that has come in, I think you will agree with me—if you don't you must take my word for it, in view of my duties to you—that there was a contract made for the sale of that house on that date, and that whatever contract was made, the Gas Company by its removal of the house on Saturday morning following the making of the contract, rendered it impossible for the plaintiff to make any use whatever of that house; and in view of that, I direct you that your verdict must be for the plaintiff. The important question is what damages is the plaintiff entitled to recover, and that is the only thing that you need consider; what damages is the plaintiff to recover."

This was improper. It was for the jury, under proper instructions, to determine what contract had been made between the parties, and whether or not it reached the standard required by law to prove the defendant's contention, that a contract had been made which was repudiated by the plaintiff under such circumstances that the defendant was entitled to rescind it. *O'Neil* v. *East Windsor,* 63 Conn. 150, 153, 154, 27

Atl. 237; *Kebbe* v. *Connecticut Co.*, 85 Conn. 641–644, 84 Atl. 329.

The averments of the defendant's answer, that it made a contract with the plaintiff which was repudiated under such circumstances that the defendant was justified in rescinding the agreement, stated a good defense. At least it appears that it was so treated by the parties in the trial of the case. Its sufficiency was not questioned by motion or otherwise. The plaintiff denied these averments and the case was tried upon the merits of this proposition. The record discloses that the defendant offered substantial evidence tending to prove, and that it claimed to have proven, its contention upon this subject. The evidence of the parties was conflicting. It was the duty of the trial court to have submitted this part of the case to the jury, under such instructions as were correct in law, adapted to this question, and sufficient for the guidance of the jury. This was not done. *Cook* v. *Morris*, 66 Conn. 196, 203, 204, 205, 33 Atl. 994; *Elie* v. *Cowles & Co.*, 82 Conn. 236, 239, 73 Atl. 258; *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25, 74 Atl. 1126.

There are other exceptions to the charge as given, to the refusal of the court to charge as requested, and to certain rulings made upon evidence; but in view of what we have already stated it is unnecessary to give these objections further consideration.

There are also several exceptions to the refusal of the trial court to find certain matters which the appellant claims that it offered evidence tending to prove. The finding, if corrected as the defendant desires, would not strengthen its appeal; and therefore the motion to correct is denied.

There is error and a new trial is ordered.

In this opinion the other judges concurred.