MARGARET KLOIBER *v.* LYDIA STEINBERG ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 125551

Memorandum filed October 23, 1961

*Dworski & Shurberg,* of New Britain, for the plaintiff.

*Schofield, Fay & Courtney,* of Hartford, for the defendants.

FITZGERALD, J. Plaintiff, a passenger in a car operated by one of the defendants and owned by the other defendant, has brought this action to recover damages for injuries alleged to have been suffered when the car ran off the road and struck a telephone pole. Her substituted complaint alleges in effect that the conduct of the defendant operator was negligent,

reckless, wilful and wanton in that the operator knew that she was extremely sleepy and continued to operate the car after falling asleep for brief seconds, and in finally going to sleep lost control over the car, which went off the road and struck the telephone pole, resulting in personal injuries to the plaintiff.

Defendant has interposed two special defenses. The second is that of assumption of risk on the part of the plaintiff, as on file.[1] Plaintiff has interposed a demurrer thereto. The gist of the demurrer is that the defense of assumption of risk does not lie as a matter of law on the facts alleged in the plaintiff's substituted complaint. The demurrer is not well taken. Clearly, the issue raised by the second special defense (and that is the only pleading to be considered) is factual and one upon which the defendants have the burden of proof. *Zullo* v. *Zullo,* 138 Conn. 712, 715; see discussion in the recent case of *Greene* v. *DiFazio,* 148 Conn. 419, 425.

*Freedman* v. *Hurwitz,* 116 Conn. 283, relied upon by the plaintiff in support of her demurrer, is not in point. In that case two passengers in the defendant's car had a verdict. On appeal, the defendant claimed error on the ground that the trial court should have submitted to the jury his special defense of assumption of risk. The Supreme Court (p. 289) concluded that on the evidence introduced, the trial court was correct in not submitting to the jury the issue of assumption of risk pleaded specially by the defendant. But that result does not exclude the pleading of assumption of risk by a defendant against a plaintiff passenger as a matter of

---

[1] This defense reads: "The plaintiff was aware of the fact that the defendant driver was drowsy and about to fall asleep at the wheel of the vehicle and, being fully aware of this fact, the plaintiff continued riding, and, therefore, assumed all the risks, damages and hazards attending upon riding in a vehicle with a driver who is obviously susceptible to falling asleep."

law. There is a distinction between the legal sufficiency of a pleading and the quantum of proof submitted thereunder. Plaintiff's counsel have overlooked this distinction, which appears in the case cited.

In their memorandum of law, counsel for the plaintiff state her age as being eighty-four years at the time of the episode and other matters which are outside of the allegations of her substituted complaint. In considering a demurrer, an allegation of fact cannot be imported into a complaint. See *Blanchard* v. *Nichols,* 135 Conn. 391, 392. This does not mean that certain evidential assertions made in the plaintiff's memorandum may not be admissible at the trial. All that is meant is that such have no place at this time in a consideration of the demurrer to the second interposed special defense.

Plaintiff's demurrer to the second interposed special defense pleaded by the defendants is required to be, and is, overruled.[2]

---

[2] Following a trial of the issues to the jury, a verdict was returned for the defendants.