SYLVESTER WETKOPSKY *vs.* THE NEW HAVEN GAS LIGHT COMPANY.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff sought to recover damages for an alleged breach of the defendant's contract to sell him a house for immediate removal from its lot, and the jury awarded him $1,800. *Held* that this court was not prepared to say that this amount was so excessive, in view of certain evidence of the plaintiff, as to have precluded the jury from reasonably reaching their verdict for that sum.

Argued October 24th—decided December 19th, 1916.

ACTION to recover damages for an alleged breach of contract, brought to the Superior Court in New Haven County and tried to the jury before *Tuttle, J.;* verdict and judgment for the plaintiff for $1,800, and appeal by the defendant. *No error.*

*Thomas M. Steele* and *Harrison T. Sheldon,* for the appellant (defendant).

*Samuel A. Persky,* for the appellee (plaintiff).

PER CURIAM. Upon the third trial of this action for damages for breach of a contract for the sale of a house

to the plaintiff, the jury rendered a verdict for $1,800, and the defendant appeals from the refusal of the trial judge to set the verdict aside as excessive. The facts are stated in former opinions of this court. 88 Conn. 1, 90 Atl. 30; 90 Conn. 286, 96 Atl. 950.

One Doherty, a contractor and builder, testified that he had a contract with plaintiff for about $700, of which $150 was for moving the house across the street to the plaintiff's lot, and the balance for incidental work and repairs; that the house as it stood on the defendant's premises was worth from $1,800 to $2,200 for the purpose of being moved across the street, and that when so moved and his contract completed, its reasonable value would be $2,600; also that a barn which the plaintiff was compelled to tear down to make room for the house was worth from $300 to $500. If the jury accepted these valuations, they might have found that the house after being moved on to the plaintiff's lot would have been worth $1,900 more than the necessary expenses of moving it and putting it in condition. Had the contract been carried out, it would be necessary to deduct from this the value of the barn, in order to get at the net value of the bargain to the plaintiff. But by reason of the breach the plaintiff has lost both house and barn, and so has lost his bargain, of the net value of say $1,500, and his barn of the value of say $300 also.

Doherty appears to be the only witness as to values who actually examined the house, and we cannot say that his valuations were so high that the jury could not reasonably accept them. The action of the trial judge in refusing to set aside the verdict is also entitled to weight.

There is no error.