TERM OF 1900-1901. 367

Weber vs. N. O. & C. R. R. Co.

No. 13,464.

ALBERT WEBER VS. NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

SYLLABUS.

1. In a suit for damages for personal injuries, received by being thrown to the ground, in attempting to board a street railway car, while barely moving as it reached the street crossing, plaintiff must show some fault on the part of the employees of the company. Unless fault should be shown, there is no necessity for passing upon an issue as to whether the plaintiff was guilty of contributory negligence in attempting to board the car, under such circumstances, encumbered with articles in her hand, at the time. It has been held, (Ober vs. Crescent City Railroad Company, 44th Annual, 1064) that each case of this kind has to be passed upon, under its special facts.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

*James T. Nix* and *John D. Nix* (*Thomas M. Gill*, of Counsel), for Plaintiff, Appellee.

*Dart & Kernan*, for Defendant, Appellant.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The prayer of the plaintiff is for a judgment against defendant for three thousand one hundred and twenty-five dollars. The demand is based upon allegations that on the twentieth day of February, 1899, between the hours of six and seven o'clock p. m., petitioner's wife, Margaret Ellen Weber, signalled car No. 39 of the defendant's line going down Poplar street; that said car came to a full stop at Eagle street, where she attempted to get on the same to be conveyed as a passenger to Canal street.

That she had placed one foot on the step and one hand on the rail of said car, and was just in the act of raising the other foot to place it on the step of said car when said car was negligently started by the motorman, Livaudais, defendant's agent, without any notice or bell

368 · SUPREME COURT OF LOUISIANA.

Weber vs. N. O. & C. R. R. Co.

from the conductor, for said motorman to start said car, and started so suddenly and quickly that petitioner's wife did not have time to get on said car, but was violently thrown down and torn loose from said car and received serious and permanent internal injuries and intense suffering; all without fault or negligence upon her part, but solely on account of the gross negligence and carelessness of defendant's agent and employe, one Livaudais.

That petitioner, as head of the community, had been damaged in the sum of three thousand one hundred and twenty-five dollars, for which he prayed judgment.

Defendant answered, pleading first, the general issue; then averring that if the plaintiff's wife was injured, it was through no fault or negligence of respondent or of its employees, but solely by reason of the fault and gross negligence of plaintiff's wife.

## OPINION.

This case presents no difficult question of law; its decision depends upon the testimony introduced which tends to establish the respective theories of the parties as to the facts.

The evidence shows, that a little after six o'clock on the evening of February 20th, 1899, Mrs. Albert Weber, wife of the plaintiff, signalled car No. 39 of the defendant's line on its way to Canal street, to stop and take her as a passenger. She was, at the time, standing at the lower river side crossing of Poplar street at its intersection with Eagle street.

While attempting to board the car, Mrs. Weber was thrown backward to the ground and into the side gutter, receiving (as the facts developed, the next day) quite serious injuries.

We have examined the testimony with great care, and do not think the judgment can be sustained. The burden of proof was upon the plaintiff to establish the demand, and we do not think he has met it. We do not discover any negligence on the part of the defendant's employees. The plaintiff's wife alleged that when she put her foot upon the step of the car, it was at a dead stop; that it suddenly started forward, throwing her violently to the ground. On this statement she stands alone. The conductor and the witness, Irvine, both testify that the car was still moving forward when she attempted to board it, and the motorman testifies that he slowed up, in answer to Mrs. Weber's hail; that the car stopped, and having stopped, did not move again until after

the accident. The witness, Blanchard, the only witness brought by the plaintiff in corroboration of his wife's testimony, says that the car passed a little below the crossing and then backed up to it, and that it was during this backing that Mrs. Weber fell. The case is not one of a stopping of the car for the purpose of allowing a passenger to board it, and its premature starting for its destination before the passenger could get upon it.

The evening of the occurrence was dark and rainy; the plaintiff's wife was encumbered with an umbrella, a glove and a pocket book, and the great probability is that, while the car was still under a slight forward movement (barely moving, as the conductor testified), she attempted to get upon the car, her foot slipped and she was thrown to the ground.

We do not find negligence in the defendant in this slight movement of the car, at that time. It has been held in Ober vs. Crescent City Railroad Company, 44th Annual, 1064, that the mere fact that a party desiring to board or leave a street car may attempt to leave or get upon it, while slowing up for a passenger, does not necessarily *per se,* constitute contributory negligence, but that the facts of each case have to be examined.

Before the issue of contributory negligence is reached for decision, however, the primary question involved, that of the negligence of the defendant, has to be shown. Granting that plaintiff's wife was guilty of no negligence in attempting to board the car, at the time and under the circumstances she did, the evidence fails to show fault on the part of the defendant.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from, be and the same is hereby annulled, avoided and reversed, and plaintiff's demand is hereby rejected, and his suit dismissed.

Rehearing refused.