GEORGE LEHBERGER v. PUBLIC SERVICE RAILWAY COMPANY.

Submitted July 2, 1909—Decided November 8, 1909.

Plaintiff alleged in his declaration that he was a passenger on a street car operated by defendant, which car defendant permitted to become greatly overcrowded so that plaintiff, when desiring to alight, had to push his way through the crowd; that while on the platform preparing to alight, and before the car stopped, he was so violently jostled by the crowd that he was pushed off and injured. He alleged that the accident was due to defendant's permitting the car to become crowded. *Held*, that the declaration failed to set out a cause of action.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the plaintiff, *William H. Osborne.*

For the defendant, *Leonard J. Tynan.*

The opinion of the court was delivered by

PARKER, J.   The declaration alleges that defendant owned and operated a street railway line in Newark, and that plaintiff became a passenger on one of defendant's cars, a southbound Mount Prospect avenue car, at Broad and Greene streets; "that said car was a 'pay-as-you-enter' car, having

a bar at the rear entrance, which it is the duty of said company to let down when said car threatens to become overcrowded to prevent the overcrowding of same; that plaintiff desired to alight from said car at Elizabeth avenue, and when near Elizabeth avenue, owing to the overcrowded condition of said car, plaintiff forced his way carefully, but with great difficulty, through the crowd and toward the step of the rear platform; that while in the exercise of his rights as a passenger, he was preparing to alight, the crowd upon the car and platform so jostled and pushed him and a portion of said crowd so brushed past him in the effort of a portion of said crowd to alight, that although plaintiff had a firm hold of the railing and although he was in an ordinarily safe position and place upon the back platform, he was so jostled by said crowd that he was violently pushed off said car from the said rear platform while the said car had nearly arrived at a standstill, and was violently thrown into and upon the street head first and injured in the manner hereinafter outlined, which could not have happened had said bar been down; that the said accident was due entirely to the negligence of said defendant, its agents and servants, in failing to bar the entrance of passengers and in failing to put down the said bar and in permitting the said car and its platform to become so unusually overcrowded that it was dangerous to the safety of plaintiff and of other passengers, and in overcrowding its car to such an extent that the ordinary result therefrom was the injury of one or more of its passengers; that such accident happened wholly without the negligence of the plaintiff; that plaintiff suffered thereby severe injuries," &c.

The plaintiff, as will be observed, lays considerable stress on the failure of defendant's agents to use a bar with which the car was equipped, to prevent the overcrowding of the car; but this in effect is no more than saying that defendant permitted the car to become overcrowded; and in fact, the pleader comes to rest on the proposition that the accident was due to defendant's "overcrowding its car to such an extent that the ordinary result therefrom was the injury of one or more of its passengers." The language of the declaration

does not inform us whether the overcrowding took place before or after the plaintiff boarded the car; but in either aspect we think plaintiff fails to state a case that puts defendant to its plea. If the car was overcrowded at the time plaintiff entered it, that condition was as obvious to him as to the defendant's agents that permitted it, and we incline to think that the plaintiff assumed the risk of any danger naturally to be expected from such overcrowding. If, on the other hand, the car became overcrowded after plaintiff entered it, by his act in pushing through the crowd to the back platform before the car stopped, he passed from a position of safety inside the car to the very place where the overcrowding was likely to be dangerous to him. Under these circumstances, he cannot complain as against the defendant on account of the acts of members of the crowd.

The case of *Hansen v. North Jersey Street Railway Co.,* 35 *Vroom* 686, does not help the plaintiff in the case at bar. While no opinion was expressed as to the duty, if any, of the carrier to limit the number of passengers on its cars, it is plainly intimated that the practice is so common and so acquiesced in by the public, as to require passengers to take notice of it, and that the duty of the carrier was "to use a high degree of care to protect the plaintiff, not indeed from crowding *per se,* but from danger likely to arise from crowding;" and the ruling that a case for the jury was presented was put upon the ground that the motorman, who opened the door and gate to let passengers out, took no measures for their safety, and might legitimately be considered by a jury to have failed in the duty of extra care arising out of the crowded condition. But the present declaration makes no charge of negligence on this theory. As we have already seen, negligence is predicated, not on any failure to protect an alighting passenger from dangers of the crowd, as in the Hansen case, but on the failure to prevent overcrowding; a condition so common as to be familiar to every user of street cars in large cities and accepted by the public. The Court of Errors and Appeals said in the Hansen case, in substance, that under such circumstances overcrowding is not *per se* negligence. So far as ap-

pears in the present case, the defendant may have taken measures which would appear to reasonable men as entirely adequate to insure safety of debarking passengers against the danger of crowds.

Let there be judgment for the defendant on the demurrer.