O’NIELL, J.
The plaintiff has appealed from a judgment rejecting his demand for damages for personal injuries which he suffered by falling from a street car of the defendant company, on which he was a passenger. He alleges that he was thrown from the rear platform of the crowded car by the reckless running of the car by the employés of the defendant company, at a high rate of speed, over a track that had become uneven, rough, and dangerous, by the neglect of the defendant company to keep it in repair.
The car was crowded at the time of the accident; the seats» were all occupied, several passengers were standing in the aisle, two were on the front platform with the motorman, and five or six were on the rear platform with the conductor.
The plaintiff and two other witnesses testified that the car was traveling at a high rate of speed and was bouncing and surging immediately before and at the time of the accident; but the preponderance of the evidence is that the passengers did not observe anything unusual in the speed or running of the car. The evidence leaves no doubt that the track was in first-class condition.
The plaintiff testified that he boarded the car on Canal street, on the Tulane belt line, and stood in the aisle, intending to get off at *442 Carrollton avenue; that when the car was' within one block from the avenue, he worked his way through the crowd to the rear platform and said to the conductor, “Next corner.” He says that the conductor was then talking to a colored passenger, and, saying something about being four minutes late, gave the motorman a bell signal to keep going and not stop to take on more passengers. As the plaintiff stepped from the car door to the platform and turned to take hold of the doorknob, according to his testimony, a low place in the track caused the car to bounce or surge, and a passenger jostled against him and knocked him over the side of the platform to the ground.
The conductor, who was standing between the controller and the brake, at the rear end of the rear platform, looking into the car at the time of the accident, testified that he did not hear the plaintiff say, “next corner,” nor observe that he gave any signal to stop the car; and that he (the conductor) did not know that the man had fallen from the car until he heard the breaking of a bottle, looked back and saw the plaintiff on the track. The conductor had the car stopped immediately and ran to the man’s assistance, but before he got to him the plaintiff arose and walked away, saying to the conductor that a man had shoved him off of the car, but that he was not hurt. The doctor who attended to his injuries, however, testified that, although perhaps not permanently injured, the plaintiff had suffered severe bruises and considerable pain.
It is remarkable that the plaintiff’s statement, that he was jostled or jolted off of the platform of the car, is not corroborated by any witness, notwithstanding there were five or six passengers with him on the platform at the time of the ac&dent. The four witnesses who saw him fall testified that the plaintiff appeared to step down deliberately from the platform to the side step, as if intending to alight, and that they did not observe anything alarming until he slipped or fell from the step to the ground. The testimony of these witnesses, that the plaintiff lost control of himself after getting down from the platform to the side step of the car, is corroborated by these circumstances: It had been raining and the car step was wet and slippery, the plaintiff had suffered the loss of his left hand, was wearing an artificial hand, and carried a bottle of varnish under his left arm.
Our conclusion is that the accident was not caused by any fault on the part of the employes of the defendant company, but was the result of the plaintiff’s imprudence in attempting, under the prevailing circumstances, to stand on the step of the car.
The judgment appealed from is affirmed.
SOMMERVILLE, J., takes no part.