The judgment appealed from is accordingly affirmed.

---

(73 South. 668)

No. 21068.

### LANDIX v. NEW ORLEANS RY. & LIGHT CO.

(Dec. 11, 1916. On Application for Rehearing, Jan. 15, 1917.)

*(Syllabus by Editorial Staff.)*

1. CARRIERS ⟨⟩331(1)—STREET RAILROADS—LIABILITY FOR OVERCROWDING.

Where negro passengers could occupy only the rear half of the street car, and the rear half and the platform were overcrowded so that the front trucks jumped the track, and in the derailment a negro passenger was injured, it was not such passenger's duty to see that the car was properly balanced, but such duty was the conductor's.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1375, 1382; Dec. Dig. ⟨⟩ 331(1).]

2. CARRIERS ⟨⟩331(4) — STREET RAILROADS — LIABILITY FOR OVERCROWDING.

While one voluntarily boarding a crowded train and taking his place on the platform without effort to obtain a seat cannot assign the overcrowding of the train as negligence, such rule does not prevent recovery by a street railway passenger injured when the car jumped the tracks owing to the overbalance of the load.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1376–1378; Dec. Dig. ⟨⟩331(4).]

#### On Application for Rehearing.

3. DAMAGES ⟨⟩131(1)—EXCESSIVE DAMAGES—PERSONAL INJURIES.

A verdict of $1,420 for a negro laborer, who in the derailment of a street car was thrown violently against the controller, suffered a bruised shoulder and chest, remained in bed three weeks and could do no work for several months, and had doctor's fees to pay, was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357, 363, 364; Dec. Dig. ⟨⟩ 131(1).]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John Landix against the New Orleans Railway & Light Company. Judgment for plaintiff, and defendant appeals. Affirmed. On application for rehearing. Application denied.

Hall, Monroe & Lemann, of New Orleans, for appellant. A. A. Calongne and Woodville & Woodville, all of New Orleans, for appellee.

PROVOSTY, J. Plaintiff was a passenger on one of the electric street cars of the defendant company, when the front wheels of the car left the track, and the front end of the car went to the property line, and smashed into a house; the street being narrow. The rear wheels held their place on the track, and so did the trolley on the wire. Plaintiff was injured, and claims damages, charging negligence in a number of particulars. Defendant has refuted these charges, but in its answer avers that the accident was undoubtedly due to the overcrowding of the rear platform of the car by plaintiff and others "which tended to lift the front wheels from the track."

[1, 2] We think this must have been the cause. But whose the responsibility? Plaintiff and these others were colored people who, the evidence shows, had no other position to occupy, since they could not go to the front part of the car, reserved for whites, and the inside rear part was as crowded as the platform. It was not for them to see to it that the car was properly balanced, but plainly for the defendant company, through its agent the conductor, in the performance of its contract to carry the passengers safely.

Defendant quotes Olivier v, L. & N. R. R. Co., 43 La. Ann. 804, 9 South. 43, to the effect that:

"A party voluntarily boarding a crowded train, and taking his place on the platform of a car, without complaint, or effort to obtain a seat, or other better accommodation, cannot assign the overcrowding of the train as negligence in the railroad company."

The cars of the defendant company are so often in this crowded condition that the would-be passenger who should make it a practice to refrain from boarding them when in that condition would be at a very great disadvantage; would, in a large measure, be deprived of the benefit of the service which the defendant company is under the legal duty of furnishing to, the public. The defendant company may be giving the best service it can, under the circumstances, and not be to blame for that situation; nor is the would-be passenger who accepts the service as it is offered. Moreover, the accident was not due to the overcrowding of the car, but to the unbalancing of it.

Plaintiff was thrown violently against the controller; his shoulder and chest were bruised, and his arm dislocated at the shoulder; he remained in bed a month, and could do no work for several months; and, naturally, suffered, and had doctor's fees to pay. He is a laborer. The jury allowed him $1,420. The appeal is by defendant.

Judgment affirmed.

MONROE, C. J., takes no part.

### On Application for Rehearing.

PER CURIAM.    [3] On re-examination of the record, we doubt that the plaintiff's shoulder was actually dislocated, and we find that he was confined to his bed only three weeks. His injuries, however, were serious enough to justify the verdict found by the jury, and we will not reduce the amount of the judgment.

The application for rehearing is denied.