| | | |
|---|---|---|
| WILL WASHINGTON | : | NO. 8213 - 8242 |
| versus | : | COURT OF APPEAL |
| J. D. O'KEEFE, RECEIVER OF | : | PARISH OF ORLEANS |
| N.O. RY. & LIGHT CO., ET AL. | : | CONSOLIDATED |

WILLIAM A. BELL, JUDGE:

_Court of Appeal_

_Parish of Orleans_

FILED 3/22

_H. J. Stansbury_

BY: WILLIAM A. BELL, JUDGE:

The plaintiff herein sues the Receiver of the New Orleans Railway & Light Company, and Mr. H. Jackson, as co-defendants, praying for judgment in solido in the sum of $1,625.00, as damages alleged to have been suffered from an accident to plaintiff on October 31, 1919, about 7:30 a.m., while he was a passenger on a Dauphine Street car operated by the Company. The accident occurred at the first down-going intersection or curve of North Rampart Street and Jordan Ave. At this point an auto-truck belonging to M.H. Jackson, and the Company's car collided, causing the plaintiff, (a colored man) to be suddenly thrown against the comptroller box on the conductor's platform, and breaking one of his left ribs near its juncture with the backbone – contributory negligence on the part of both defendants is charged. There was judgment without jury – for $1,250 only, against M. H. Jackson, and dismissing plaintiff's claim against the Company. Jackson appeals under record No. 8213 and plaintiff appeals, praying for judgment in solido against both defendants, under record No. 8242 of this Court. Both appeals on motion, have been consolidated.

There is considerable conflict of evidence as to the circumstances of the accident and as whether one or both of the defendants were at fault. Neither defendant charges the plaintiff with negligence, but Jackson defends on the ground that the Company was wholly liable for the accident. Plaintiff argues before this Court that the Company is specially liable and has contributed to the proximate cause of the accident because of its failure to observe the duty imposed upon it, at law, to furnish plaintiff with a seat in the car upon which he was a passenger at the time of the accident. The evidence is conclusive that the car was over-crowded with laborers and other passengers, some on the front, and many on the rear platforms, and all seats both for colored and white passengers, occupied.

Plaintiff was most probably standing on the only space he could find on the car. It therefore remains for this court to determine, not only whether one or both of the defendants are liable for the accident, but whether the Company, irrespective of any other faults, was specially negligent under the law in failing to furnish this passenger with a seat, which under the circumstances would have enabled plaintiff to escape injury, none of the seated passengers having been hurt.

Considering first the law question just stated, we find from the jurisprudence of this and other states, that plaintiff's contention is not supported by authority. In city railway traffic, especially, there is no reasoning which justifies the doctrine contended for by plaintiff. It is a fact of which all courts will take cognizance that rapid and efficient transportation in modern-day, city traffic involves almost necessary and unusual crowding of passenger cars at "peak-hours." It is a condition to which both the public service corporation as well as its patrons, lends common, consent, and in the absence of franchise or legal prohibition, one who accepts the condition cannot be heard, when injured, to urge it as a contributory act of negligence on the part of the company. The only exceptions which would justify the non-application of this estoppel - if it may be so called - would be the added proof that incompetent service or defective equipment, chargeable to the Corporation, rendered the accepted crowded condition one which a prudent, and even indulgent passenger, could not be expected to assume. We approve of this doctrine which has been frequently annunciated by the Supreme Court of this State, but which is particularly well expressed by the highest court of Tennessee, as follows:

> "Street cars are run for the accommodation of the public, as well as profit to the company, and the Courts cannot say that the fact that the Company permits a large number of passengers to occupy the car, sufficient to load it heavily, is an act of negligence. To so hold would work very great inconvenience to the travelling public and impair the efficiency of the car service.

"One of the requirements of modern city life
is rapid transit; and the public has demanded that-
the street cars, at certain hours of the day, be
loaded to their utmost capacity.  It is doubtful if
the company could refuse to receive a passenger upon
its car as long as there was room in the car for him.
A tender to the company of the requisite fare and
the ability of the passenger to find a place of
safety upon the car would impose an obligation upon
the company to receive and transport the passenger."

De Glopper v. Nashville Railway & Light Co.
33 L.R.A. (N.S.)917.  See also:

Viator v. New Orleans Railway & Light Co.
139 La. 439; Landix v. New Orleans Railway &
Light Co. 140 La. 529; Olivier v. L.& N.Rd.Co.,
43 La. An. 804.

Counsel for.plaintiff cites with confidence the
ruling made in  Basey et als vs. La. Ry. C. N. Jo., 137 La. 457,
also Thompson vs. New Orleans Railway & Light Company, 145 La.806.

The judgment in the Basey case was for defendant,
reversing the ruling of the lower court.  The most careful reading
of this authority cannot lead us to the plaintiff's conclusions
taken from the excerpt of this opinion, as cited in his brief.
The facts in that case show the plaintiff to have been a passenger
on a crowded railroad train, heavily loaded with passengers, who
were induced to ride upon a particular train extensively advertised
by the company for a special excursion or gala occasion, thus
creating conditions which should have been previously and carefully
provided for by ample accommodations .  The car in which Basey was
injured could not, under any conditions have been deemed safe, being
a gondola car, not used under even ordinary or usual customary
travel, and the jolting of the car which was the direct cause of the
injury was one over which the company was found to have had no
control.  The theory of the company's possible liability for crowded
cars, as discussed by the court in that case, is shown to have been
at best, nought but obiter, and cannot be applied to the case now
under consideration.

The Thompson case resulted in recovery, for the
plaintiff, but under conditions in no manner similar to the
facts before us.  By a divided court, two justices dissenting,

it was held that the unknown causes of a jolt, resulting in injury to a passenger was to be presumed the fault of the company, although the physical condition of the plaintiff, prior and subsequent to the accident, (like the plaintiff's condition in the Basey case) could have easily been considered as the direct cause of death.

In the case before us there is no room for the application of the doctrine of the last clear chance, unless it be applied to the defendant, Jackson, who attempts here, to apply it in turn, to the Company. We think the evidence shows clearly that at the moment of the collision of the truck with the car that the operator of the truck had all, as well as the latest, clearest chance to avoid the accident. There is nothing to disprove the statement of the motorman, corroborated by a disinterested passenger, also on the front platform - that the front of the car was taking its parallel with the Jordan Ave. track and was moving slowly in the curve (thus tending at every second to better conditions) when the truck, whose driver could have better seen the end of the car, continued to move up Jordan Ave. nearer to the danger point.

While some of the witnesses are at variance as to the speed, the positions and possibilities of control concerning both the truck and the car, we can see no patent error in the findings of the trial judge, who heard and saw the witnesses, and who doubtlessly has given most careful weight to all the evidence adduced.

JUDGMENT AFFIRMED.