NO. 8698

COURT OF APPEAL

PARISH OF ORLEANS

------

EDWARD WAGNER

versus

NEW ORLEANS RAILWAY & LIGHT CO.

----

*seen*

3/19/23

Dinkelspiel; J.

Plaintiff institutes this suit against the defendant, and the National Surety Company of New York, claiming the sum of $2580.40, for injuries received on the 17th of March, 1919; alleging substantially that he was a passenger on car No. 305 of the Magazine line, owned by the defendant herein, the New Orleans Railway & Light Company. At the time in question the car on which he was riding was in a very crowded condition, that he was compelled to stand upon the rear platform of same, and when the car neared the corner of Waiennie and Magazine Streets the conductor attempted to see if anyone was going to board the car at the approaching corner, and in order that he might have a better view, the conductor pushed the crowd which was on the rear platform aside, so that he might get to the edge of the platform, and in so pushing the crowd out of his way the conductor used such force that your petitioner was by his act pushed from the platform of the moving car, and fell to the ground; that the conductor did this in a reckless and negligent manner, and that said accident was in no wise the fault of plaintiff but was caused entirely by the reckless act of the conductor, and his wanton disregard for the safety of the passengers on said car. That as a result of said/~~injuries~~ accident his left leg was injured, the knee cap knocked out of place, contusions to the body, right side bruised, and in consequence of these injuries he suffered severe pains, was incapacitated entirely for a period of about two weeks and partially incapacitated for a period of about ~~two weeks~~ six months; averring further ~~that at this~~ that when this accident occurred he was employed as a machinist foreman at a salary of $6.90 per day and as the result of the accident he was incapacitated for ten days and was unable to earn anything whatever during that time, and that he believes that his earning powers will be permanently reduced in the future. He avers that the Sure-

ty Company under an ordinance of the City, as well as under a bond signed by it, is also liable to him for the amount in question.

The answer of the defendant denied generally that it was indebted to plaintiff in any sum, and avers further that plaintiff became a passenger of the car at the time stated and attemped to alight therefrom at Magazine and Gaiennie Streets while the car was moving slowly, and in so doing slipped and fell from the step, and at the time plaintiff carried a suit case in one hand and an umbrella in the other, and failed to take the care required under the circumstances, they aver further that if plaintiff met with the accident claimed by him he was the cause of his own injuries if any sustained, through his own fault to take that care required under the circumstances then and there existing. Wherefore they pray for a judgment in their favor.

The Surety Company/~~denied~~ adopted substantially the answer of the defendant.

The record in this case discloses that the plaintiff at the time stated by him was a passenger on the car in question, and further that at the time that he became such passenger the car was very much crowded and like many others on board this car he was compelled to stand on the rear platform of the car.  The testimony satisfies us that at the time of the accident plaintiff had a grip, together with an umbrella, and when the car approached toward Gaiennie Street where he intended to alight, he gave the signal for desiring to get off the car, and the conductor rang the bell in order that the car should stop at the usual place on Gaiennie Street.  The record further shows that the motorman hearing the bell slowed up gradually, but before the car had reached Gaiennie Street, for some reason or other, plaintiff concluded to try and get rid of the crowd and get ready to alight, but with the grip and the umbrella in his possession, whether he tripped and

fell or whether as he claims he was pushed by the other passengers, will make no material difference in the decision of this case. The fact remains that in attempting and finally succeeding in getting off the car he fell and hurt his knee. The record abundantly proves that the testimony of the witnesses in his behalf is so contradictory that the witnesses are utterly unreliable and unworthy of belief. The one who swears that he stood at the corner of Gaiennie Street expecting plaintiff to alight and testifies that he saw the conductor with his hands on plaintiff and pushing him violently off the car is absolutely contradicted by the other witnesses for plaintiff, and by plaintiff himself, both claiming that the crowd on the back platform so intercepted the plaintiff that they pushed him off the car.

On theother hand the witnesses for defendant all unite in the fact that plaintiff violently and of his own accord got his grip and his umbrella in order to alight while the car was slowly moving, and whether he fell or whether he attempted to alight before the car came to a satisfactory stop was his own act, and not caused by anyone connected with the defendant in any manner, shape or form, and that whatever accident occurred was caused by his own voluntary act and was not caused by the acts of the defendant or its employees. This is fully borne out by the testimony of Daley, Motsh, the conductor, Poche, and Honeycut. The conductor testifies positively that the man fell from the car and hurt himself, the car was moving slowly, he fell before it came to a stop, about the middle of Gaiennie Street; that there was no surging of passengers and there was no shoving of the plaintiff; that he saw the whole thing and whehher the man with the grip and the umbrella in his hand tripped witness does not know, nor do any of the other witnesses.

The question presented is mainly one of fact, and when we have the facts as established and the witnesses tes-.

4.

457

timony, the judge of the lower court, an experienced and learned Judge of the Court for many years prior to this accident, who xx heard and saw the witnesses, had better means of judging the truth than we have, and who was therefore in a better position to judge of the truthfulness of the witnesses' testimony, and who after a full and complete hearing of the case was satisfied that whatever injury occurred to plaintiff was produced through his own fault and his own negligence, rendered judgment in favor of defendant and in this judgment we concur.

"The burden of proof is on plaintiff and he has utterly failed in establishing his claim for injury. Crowded conditions of cars cannot of itself be urged as a right to recovery."

Viator vs. N. O. Ry. & Light Co. 139 La. 439.
Landix vs. N. O. Ry. & Light Co. 140 La. 329.
Olivier vs. N. O. Ry. & Light Co. 43 La. 804.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both Courts to be paid by plaintiff.

—Judgment affirmed—