SCHUH, Appellant v. N. O. PUBLIC SERVICE INC.

---

(March 29, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Street and Interurban Railroads—Par. 19.**

A street car company is liable in damages only for negligence.

2. **Louisiana Digest—Street and Interurban Railroads—Par. 19.**

It is not liable in damages resulting exclusively from an overcrowded car, without any negligence on its part, when it has been the immemorial custom, tolerated if not demanded, by the public to admit upon the cars more passengers than there are seats, and when no injury has resulted from the practice.

3. **Louisiana Digest—Negligence—Par. 1, 14.**

A defendant cannot be charged with negligence for continuing an act from which no injury has resulted and from which none could be anticipated.

Appeal from First City Court. Hon. Val. J. Stentz, Judge.

Action by Linnie L. Schuh against the New Orleans Public Service Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Edw. Rightor, of New Orleans, attorney for plaintiff, appellant.

Ben W. Kernan, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. Plaintiff filed suit on January 25, 1926, claiming damages against the defendant.

She alleges that on May 25, 1925, eight months before, at about 8:45 a. m., she boarded a street car at Broad and St. Ann Streets going uptown; that said car was very crowded when it reached the corner of Canal and Baronne Streets; that it stopped there; when she proceeded to alight the platform was so jammed with passengers standing up that it was impossible for her to have the necessary assistance of the hand-rail on each side of the platform to alight; that the step was steep, and due to her failure to have the assistance of the hand-rail she fell from the car to the pavement, bruising herself and receiving a nervous shock and injury to the base of her spine.

She claims $300 damages.

Defendant denied all the allegations of the petition and averred that the plaintiff fell in alighting, not in any manner, due to the negligence of defendant, but due to plaintiff's own fault in failing to exercise due care.

There was judgment for defendant and plaintiff has appealed.

The plaintiff testified that she got out by the front gate of the car.

She further testified:

"Q. Where do you live?
"A. 2735 St. Ann Street.
"Q. Where is your business located?
"A. 209 Strand Building.
"Q. Do you ordinarily go to work in a street car?
"A. Always.
"Q. What car?
"A. Bayou St. John or any car that runs by the Maison Blanche.

On the morning of the accident she took the car at 8:45 or 9 at the corner of Broad and St. Ann.

"Q. Have you ridden in that car often?
"A. For seven years.
"Q. Were there many passengers in the car?
"A. Yes, very crowded.
"Q. Have you never ridden on cars before as crowded as that?
"A. Yes, I am very careful to hold on when I get out, I think every one should do it.
"Q. How long have you been in New Orleans?
"A. Seven years.
"Q. Never in all seven years gotten out without holding on to the handle?
"A. I always hold on.
"Q. Have you never gotten out of a crowded street car on the front of a street car just as that was crowded?
"A. I don't think I have had that particular thing to happen that I could not catch the handle bar.
"Q. The cars are usually crowded?
"A. Yes.
"Q. Do you always hold to the rail getting off?
"A. Always.
"Q. What occurred to you after you started to alight?
"A. When I went to get out there was a man by the rail holding to the step, and on this side of me there were two men. When I looked out the place was narrow, and as I went to step out, my foot went, I don't know just where and I was on the ground.
"Q. Did you use the hand rail?

"A. No.
"Q. Why did you not?
"A. There was no chance.
"Q. Why not?
"A. The man was in front of the hand rail.

Cross examination:

"Q. You are in good health?
"A. Yes, very good."

The evidence is conflicting as to whether the front platform was crowded; but the preponderance of the testimony is that it was.

The crowded platform is the negligence charged to the defendant. Unless that constitutes negligence, plaintiff is without a case.

"Before plaintiff can recover, she must show that her injury was caused by defendant's negligence." Jackson vs. Natchez & W. Ry. Co., 114 La. 992, 38 South. 701.

"Unless fault (in the defendant) should be shown there is no necessity for passing upon an issue as to whether the plaintiff was guilty of contributory negligence." Weber vs. N. O. & C. Ry. Co., 104 La. 367, 28 South. 892. "A carrier by street car is liable only for negligence." 6 Cyc. 595.

This court will take judicial cognizance of the fact that in this city of New Orleans from the time street cars were first run, about the year 1860, it has been and is the custom up to the present time, tolerated, if not demanded by the public, that more persons should be admitted into the street cars than there are seats to accommodate them.

The result has been that the aisles and platforms at certain hours are overcrowded. But only a few have complained because the majority have understood that those conditions are unavoidable and necessary for the accommodation, convenience, and rapid transportation of all persons

desirous of taking the cars or obliged to do so; nor has it been shown that any greater harm, or injury, or damage, has resulted from this custom than is incurred in the ordinary business of running cars, or than is inseparable from the business itself prudently conducted.

It cannot therefore reasonably be charged as negligence to do what it has been the common usage to do for more than half a century and from which no danger or injury has resulted.

To claim damages for an accident happening upon a crowded car it must appear that the accident happened by reason of the crowded car and from no other cause.

In the case of Olivier vs. Louisville & Nashville Rrd., 43 La. Ann. 804, 9 South. 431, the court said:

"A party voluntarily boarding a crowded train and taking his place on the platform of a car, without complaint, or effort to obtain a seat or other better accommodation, cannot assign the overcrowding of the train as negligence in the railroad company." Affirmed in Landix vs. Railway, 140 La. 529, 73 South. 668.

In the case of Jackson vs. Natchez Ry., 114 La. 981, 38 South. 701, the court said on page 993:

"But the failure to provide a seat, or even standing room, inside of the coach, on a cheap excursion, such as this one was is not, as a matter of law, and is not shown as a mater of fact to be negligence such, of itself alone, without the co-operation of any other or further negligence of the railway company, will give rise to a cause of action in behalf of an excursionist who is compelled thereby to ride on the platform, and as a result of being there, is injured by an accident occurring through no fault of the railway company."

"A carrier, however, is not bound under all circumstances, to furnish a sufficient number of cars to accommodate all with seats who may apply for transportation,

as unforeseen emergencies may often arise where the performance of such duty would involve an impossibility; it is required to furnish only suitable seating accommodations for the ordinary amount of travel, or for an extraordinary number on reasonable notice; and if a passenger with notice of the circumstances takes passage on a crowded car surrenders his ticket or pays fare, he waives strict performance of his contract right to a seat." 10 C. J., p. 807 S. 1236.

"Passengers who choose to take passage on a street car which is so crowded that they have to stand on the rear platform or on the steps and thereby block the exit from the car, assume all inconveniences incident thereto, including that of alighting when necessary to allow a proper exit for passengers who wish to get off." 59 N. E. (Mass.) 639.

In the case of De Glopper vs. Nashville Ry., 33 L. R. A. (N. S.) 917, the Supreme Court of Tennessee said:

"Street cars run for the accommodation of the public, as well as profit to the company, and the courts cannot say that the fact that the company permits a large number of passengers to occupy the car, sufficient to load it heavily is an act of negligence.

"To so hold would work very great inconvenience to the traveling public and impair the efficiency of the car service. One of the requirements of modern city life is rapid transit; and the public has demanded that the street cars, at certain hours of the day, be loaded to their utmost capacity. It is doubtful if the company could refuse to receive a passenger upon its car as long as there was room in the car for him. A tender to the company of the requisite fare and the ability of the passenger to find place of safety upon the car would impose an obligation upon the company to receive and transport the passenger." See also 66 N. E. 418; 100 N. E. 1020; 74 Atl. 272; 50 Ill. App. 471.

We are aware that there are opinions in other jurisdictions at variance with these. But they are governed by condi-

tions and habits and laws perhaps different from those prevailing here, which we cannot consider.

In this case the plaintiff had been riding in these same cars daily for the last seven years; she knew they were always crowded; she entered the car when it was crowded; she knew there was a hand rail and where it was; she says she had always used it; she was at liberty to use it on this occasion; the presence of one man in front of it was no insurmountable obstacle, just as she moved the crowd to get to the steps, she could have moved them to reach the bar. She made no effort to reach it, nor requested of the man to move.

The plaintiff argues that if defendant had put no hand rail to assist the passengers in getting upon and stepping out of the car, it would have been negligence. Perhaps it would and that having a hand rail on top of the car or at some other unattainable point would have been equally negligent. Perhaps so. But this is not the case here. Here, there was a hand rail, and the plaintiff knew where it was, and had always used it for seven years; she could easily have grabbed it if she had so desired.

We therefore conclude that there was no negligence on the part of the defendant, and the judgment is therefore affirmed.