SCHOTT, Judge.
Defendant, New Orleans Public Service, Inc., has appealed from a judgment for damages sustained by plaintiff Linda Curtis in an accident while she was a passenger on a bus operated by defendant. The issue in the trial court was whether defendant carried its burden of proof to show that its driver was free from negligence, and in this court whether the trial judge’s determination adverse to defendant was manifestly erroneous.
Plaintiff boarded the St. Claude Avenue bus at the Franklin Avenue stop during the morning rush hour. The bus was already crowded and she was the last of a large number of passengers to board the bus at her stop. She could not go beyond the bottom step, people were standing all around her, perhaps but not certainly on the step with her but definitely on the step ahead of her and all over the platform between the steps and the driver. As the bus approached the very next stop it tilted toward the curb and the crowd of people pushed against her causing her to fall out of the door, which opened for passengers to board at that stop.
It was incumbent upon defendant to prove that its driver was free from negligence. Galland v. New Orleans, Public Service, Inc., 377 So.2d 84 (La.1979). The driver did not see plaintiff until after she fell out of the bus but he testified that hand railings were available to plaintiff on both sides of the door. Plaintiff, on the other hand, testified that she could not reach these railings because of the crowd of passengers around her. Implicit in the trial judge’s conclusion of no negligence on the part of plaintiff is his finding that her actions were not unreasonable and included no breach of duty on her part. Our review of the record establishes that this factual finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant argues that this case is in conflict with Schuh v. N.O. Public Service, Inc., 5 La.App. 57 (Orl.1926), but the case is distinguishable in that plaintiff had lost her case in the trial court and the Court of Appeal in affirming found that there was a hand rail available to plaintiff and “she could easily have grabbed it if she had so desired.” In the instant case, all defendant showed was that there were places which should have been available to plaintiff on which to hold but her testimony was uncon-tradicted that she could not reach those *717 hand rails because of the great crowd of passengers around her.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.