ANN H. HENNESSY v. RUFUS I. WORRELL ET AL.

FRED B. HENNESSY v. RUFUS I. WORRELL ET AL.

SUPERIOR COURT  NEW LONDON COUNTY  FILE NOS. 17785, 17786

Memorandum filed November 19, 1947.

*L. Horatio Biglow,* of Deep River, for the Plaintiffs.

*James H. Gould,* of Essex, for the Defendants.

INGLIS, J.  These actions are brought to recover for personal injuries and loss of consortium resulting from a fall down a flight of stairs in the home of the defendants, by whom the plaintiffs were employed as household servants.  The gist of the cause of action is a claim that the defendants were negligent in failing to keep the stairway reasonably safe.

The first two grounds of demurrer are to the effect that the complaints are defective in that they fail to negative assumption of risk by the plaintiffs.  It is contended by the defendants that in an action by a servant against his master for personal injuries sustained in the course of the employment it is essential that the complaint set forth facts to the effect that the plaintiff did not assume the risk.  To support that claim they cite *Elie* v. *Cowles & Co.,* 82 Conn. 236, which does hold that way.  The fallacy of their contention lies in a failure to distinguish between the ordinary risks and the extraordinary risks of the employment.  As is pointed out in the *Elie* case, supra, a master is not responsible for injuries sustained by his servant if they result from the ordinary risks of the employment, and it is therefore an essential element of the complaint to allege that the injury does not result from such ordinary risks. Extraordinary risks, however, are another matter. Those are not necessarily

assumed by a servant. It is true that if he knows of a dangerous condition and appreciates the risk involved he may by his conduct assume that risk. But he does not assume such risks merely by virtue of his employment. For that reason it is not necessary for a servant to negative in his complaint the assumption of any extraordinary risk. *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 647. The assumption of an extraordinary risk in connection with an employment is a true assumption of risk as that term is commonly used in the law, whereas the assumption of a risk which is inherent in the employment is not. *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632. It is therefore an affirmative defense and must be pleaded as such if it is going to be relied upon. *Kakluskas* v. *Somers Motor Lines, Inc.*, 134 Conn. 35, 41.

The difference between an ordinary risk and an extraordinary one is that the former is a risk which is inherent in the employment while the latter is one which results from some breach of duty on the part of the employer. *Worden* v.*Gore-Meenan Co.*, supra; *Belevicze* v. *Platt Bros. & Co.*, supra. In the present cases it is alleged that the defendants caused the plaintiff's injuries by their negligence. It is clear, therefore, that if the plaintiffs assumed the risk of the condition of the stairs at all it was the assumption of an extraordinary risk. Such an assumption is not one which they have to negative in their complaints in order completely to state a cause of action.

The third ground of demurrer is that "it appears that there is no negligence on the defendants' part or any violation of a legal duty to use due care." Briefly, the contention on this point is that a servant is a licensee and therefore takes the property where he works as he finds it. Such, however, is not the law. A household servant is a business licensee. It is fundamental that an employer owes his employee the duty to use reasonable care to provide a reasonably safe place in which to work. The allegations of the complaint in these actions are that the defendants breached that duty, that is, that the condition of the stairs which caused the plaintiffs' injuries was the result of the defendants' negligence. This adequately states a cause of action.

The demurrers are overruled.